UNITED STATES DISTRICT COURT
                    DISTRICT OF NORTH DAKOTA (WESTERN)

Robert V. Bolinske,                                  Civil No. 18-213 (DWF/CRH)

                Plaintiff,

v.                                                          MEMORANDUM
                                                          OPINION AND ORDER
North Dakota Supreme Court, State of North Dakota,
Disciplinary Board of the N.D. Supreme Court,
Office of Disciplinary Counsel, Inquiry Committee West,
Dale Sandstrom, Gail Hagerty, Lisa K. McEvers,
Daniel Crothers,

                Defendants.

_____

Robert V. Bolinske, Esq., Plaintiff, *Pro Se*.

Andrew Moraghan, Esq., Attorney General's Office, Civil Litigation, and Matthew A. Sagsveen, Esq., Attorney General's Office, Natural Resources Division, counsel for Defendants.

_____

                              INTRODUCTION

This matter is before the Court on Plaintiff Attorney Robert V. Bolinske's ("Bolinske") Motion to Amend his Complaint alleging, among other claims, that Defendants violated his substantive and Due Process rights (Doc. No. 24), and Defendants the North Dakota Supreme Court, the State of North Dakota, the Disciplinary Board of the North Dakota Supreme Court, the Office of Disciplinary Counsel, the Inquiry Committee West, North Dakota Supreme Court Former Justice Dale Sandstrom ("Justice Sandstrom"), North Dakota District Judge Gail Hagerty ("Judge Hagerty"),

North Dakota Supreme Court Justice Lisa K. McEvers ("Justice McEvers"), and North Dakota Supreme Court Justice Daniel Crothers'("Justice Crothers") (together, "Defendants") Motion to Dismiss (Doc. No. 7). For the reasons discussed below, the Court denies Plaintiff's motion to amend without prejudice and grants Defendants' motion to dismiss without prejudice.

## BACKGROUND

Bolinske is an attorney admitted to practice law in North Dakota.[1] (Doc. No. 24-1, Ex. 1 Proposed Amended Complaint ("Am. Compl.") ¶ 3.) Defendant State of North Dakota is a state by and existing within the United States of America. (Am. Compl. ¶ 3.) Defendant North Dakota Supreme Court is an entity of government created by the State of North Dakota. (*Id.*) Defendants Disciplinary Board of the North Dakota Supreme Court (the "Board"), Office of Disciplinary Counsel (the "Counsel"), and Inquiry Committee West ("Inquiry Committee") are entities created by the North Dakota Supreme Court. (*Id.*) Defendants Justice McEvers and Justice Crothers are Justices of the North Dakota Supreme Court. (*Id.*) Defendant Justice Sandstrom is a former Justice of the North Dakota Supreme Court. (*Id.*) Defendant Judge Hagerty is a North Dakota District Court Judge. (*Id.*)

In October 2016, Bolinske alleged in a press release that Justice Sandstrom tampered with public records and conspired with his wife, Judge Hagerty, to intentionally misfile Bolinske's Petition for Supervisory Writ, in which Bolinske criticized Judge

---

[1] As Bolinske acknowledged at the motions hearing held May 29, 2019, he has allowed his license to expire but remains eligible to renew his license.

Hagerty. (*Id*. ¶¶ 4-5.) On October 21, 2016, Judge Hagerty filed a Grievance Complaint against Bolinske for ethical violations of the North Dakota Rules of Professional Conduct. (*Id*. ¶ 13.)

Pursuant to Judge Hagerty's Grievance, the Inquiry Committee held a hearing lasting 30 to 45 minutes, at the end of which it concluded that Bolinske's allegations were made "knowingly or with reckless disregard as to their truth or falsity," in violation of the Rules of Professional Conduct, and recommended that an admonition be issued. (*Id*. ¶¶ 14, 16.) The Inquiry Committee based its finding in part on a letter from Chief Justice Gerald Vande Walle that attributed the misfiling of the petition critical of Judge Hagerty to the entry of the wrong name during a data transfer. (*Id*. ¶ 15.) Bolinske appealed the Inquiry Committee's finding. (*Id*. ¶ 16.) On July 24, 2017, the Board affirmed the Inquiry Committee's decision to issue an admonition. (*Id*.)

The North Dakota Supreme Court affirmed the Disciplinary Board's decision. (*Id*. ¶ 17; *see also Matter of Bolinske*, 908 N.W. 2d 462, reh'g denied (N.D. 2018).) In its opinion, the North Dakota Supreme Court recounted the procedural history of the case, noting that Bolinske appeared before the Inquiry Committee and provided documentary evidence in support of his opposition. *Bolinske*, 908 N.W. 2d at 463. The opinion further noted that the North Dakota Supreme Court granted Bolinske's appeal pursuant to the North Dakota Rules for Lawyer Discipline, which provide that "leave will not be granted unless the person seeking leave to appeal shows that the [B]oard acted arbitrarily, capriciously, or unreasonably." *Id*. at 463-64 (citing N.D.R. Lawyer Discipl. 3.1(D)(8)). The North Dakota Supreme Court interpreted the Rule governing the initial decision to

3

grant leave as applicable "only in reviewing procedural aspects of the [Board's] decision, rather than in reviewing the substantive evidence relied upon to support imposition of disciplinary actions." *Id.* The North Dakota Supreme Court examined Bolinske's contentions that the Board's decision affirming the admonition was arbitrary, capricious, and unreasonable and that it additionally deprived him of adequate due process. *Id.* at 464. The North Dakota Supreme Court concluded that while an attorney subject to disciplinary proceedings is indeed entitled to procedural due process, "including fair notice of the nature of the charges and an opportunity to be heard," such due process "does not require a full dress adversary proceeding." *Id.* (internal quotation omitted). In its opinion, the North Dakota Supreme Court found that Bolinske failed to establish a lack of due process in his "informal" disciplinary proceedings because he "received the process due to him under the [R]ules and had sufficient opportunity to be heard." *Id.* at 465. As he acknowledged during oral arguments in this matter, Bolinske did not file a petition for a writ of certiorari to appeal the North Dakota Supreme Court's decision.

Bolinske alleges that Justice McEvers, when participating in the North Dakota Supreme Court's deliberations, knew that Bolinske planned to run against her in an upcoming election and failed to recuse herself at an appropriate time.[2] (Am. Compl. ¶ 22.) Bolinske similarly alleges that Justice Crothers, who also took part in the North Dakota Supreme Court's deliberations, knew that Bolinske ran against him for a

---

[2] Justice McEvers participated in the oral argument but subsequently disqualified herself, and according to the opinion issued, did not participate in the decision. *Bolinske*, 908 N.W.2d at 465. The audio recording of the oral arguments is available at: https://www.ndcourts.gov/supreme-court/dockets/20170333.

4

seat on the Court in 2008. (*Id*.) By way of showing pervasive bias, Bolinske also alleges that Justice Sandstrom and Judge Hagerty continually failed to recuse themselves from presiding over Bolinske's cases despite the longtime existence of adversarial political relationships. (*Id*. ¶ 25.) Further demonstrating bias and causing harms for which Bolinske intends to seek punitive damages, Justice Sandstrom made public statements about Bolinske's allegations of wrongdoing, telling a political commentator that Bolinske's claims were "bizarre and rather sad," and that Justice Sandstrom had been "aware of [Bolinske's] mental health problems for years." (*Id*. ¶ 23.) Bolinske further alleges that Defendants conspired to cover up Bolinske's allegations and that no investigation into the matter was performed. (*Id*. ¶¶ 30, 32-33.)

Bolinske argues that Defendants are repeating their wrongful conduct by once again subjecting him to disciplinary proceedings.[3] (*Id*. ¶ 42; *see In the Matter of the Application for Disciplinary Action Against Robert V. Bolinske*, File No. 6177-W-1708.)

Bolinske commenced this action on October 22, 2018, alleging infringement of Bolinske's Due Process rights, defamation, malicious prosecution, intentional infliction of emotional distress, and negligent emotional distress. (*Id*. at ¶¶ 1, 26, 28, 34.) On November 15, 2018, Defendants filed a Motion to Dismiss on grounds that this Court lacks subject matter jurisdiction or personal jurisdiction over Justice Dale Sandstrom in

---

[3] The parties informed the Court at oral arguments that Bolinske has an additional pending state court matter, a defamation lawsuit against Defendants that is stayed pending the outcome of this case and his disciplinary proceedings. As the parties did not provide more detail in the record and do not focus their arguments on this suit, it does not affect the analysis in this matter and will not be addressed at any length.

5

his individual capacity, and the Complaint fails to state a claim.  (Doc. No. 7.)  On March 1, 2019, Plaintiff filed a motion to amend.  (Doc. No. 24.)  Both parties supplemented their submissions with additional briefing.  (Doc. Nos. 34, 35.)  Oral arguments were heard on May 29, 2019.  (Doc. No. 37.)

## DISCUSSION

### I. Legal Standard

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant.  *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010).  In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged, *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).  A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6).  *Porous Media Corp. v. Pall Corp.,* 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).  Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level."  *Id.* at 555.  As the United States Supreme Court reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not

6

pass muster under *Twombly*. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

## II. Abstention Doctrine

Bolinske's allegations about past and present state court matters implicate more than one established abstention doctrine. In its seminal decision of almost fifty years ago, the Supreme Court made clear that since "the beginning of this country's history" Congress has manifested its desire to permit state courts to try state cases free from interference from federal courts. *Younger v. Harris*, 401 U.S. 37, 43 (1971). Federal district courts should refrain from interfering when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief. *Younger*, 401 U.S. at 43-44. A district court must abstain when: (1) there is a pending state proceeding, (2) that implicates an important state interest, and (3) affords an adequate opportunity to raise federal statutory and constitutional challenges. *Gillette v. N. Dakota Disciplinary Bd. Counsel*, 610 F.3d 1045, 1048 (8th Cir. 2010); *see also Gray v. Devils Lake Pub. Sch.*, 316 F. Supp. 3d 1092, 1102 (D.N.D. 2018).

Generally, federal courts do not have jurisdiction to review an order of a state court disbarring an attorney for personal and professional misconduct. *In re Rhodes*, 370 F.2d 411, 413 (8th Cir. 1967). A State's "extremely important interest in maintaining and assuring the professional conduct of the attorneys it licenses" calls for *Younger*

abstention. *Gillette*, 610 F.3d at 1047 (quoting *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 434 (1982)).

The *Rooker-Feldman* doctrine recognizes that, with the exception of habeas corpus petitions, district courts lack subject matter jurisdiction over challenges to state court judgments, both in rare cases styled as direct appeals and more common claims which are "inextricably intertwined" with state court decisions. *King v. City of Crestwood, Missouri*, 899 F.3d 643, 647 (8th Cir. 2018) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)). Reversal of a state court decision may not be obtained in federal court by challenging the motives of the state court judge. *Muhammed v. Ark. Supreme Court Comm. on Prof'l Conduct*, 655 F. Supp. 584, 586 (E.D. Ark. 1986), aff'd *sub nom. Muhammed v. Ark. Supreme Court*, 815 F.2d 711 (8th Cir. 1987). The remedies available include appeal in state court, filing a complaint with a judicial discipline or oversight board, and seeking review from the United States Supreme Court, "but one is not entitled to collateral review in federal court." *Muhammed*, 655 F. Supp. at 586.

Bolinske attempts here to relitigate his previous disciplinary matter in order to show present bias and misconduct. This directly implicates *Rooker-Feldman* abstention, and as such, the Court will not engage in a review of the North Dakota Supreme Court decision that Bolinske declined to properly appeal.

Abstention under *Younger* doctrine is only proper if state disciplinary hearings constitute an ongoing state judicial proceeding and provide adequate opportunity to raise constitutional challenges. *Gillette*, 610 F.3d at 1047. Bad faith, harassment, or "other

extraordinary circumstance" is an exception to abstention under *Younger*. *Id.*; *see also Plouffe v. Ligon*, 606 F.3d 890, 892-93 (8th Cir. 2010). Bolinske bears the burden to show that the disciplinary proceedings do not afford him adequate opportunity to raise his constitutional claims. *Plouffe*, 606 F.3d at 893.

The North Dakota Rules for Lawyer Discipline provide several mechanisms to protect attorneys accused of misconduct warranting sanction. For example, the Rules require that a copy of a complaint be provided to the lawyer accused, and the lawyer must be given notice of the opportunity to appear before the district inquiry committee before entry of any discipline or referral for formal proceedings. N.D.R. Lawyer Discipl. 3.1(D)(2), (7). The Rules then require that the lawyer be promptly notified in writing of the disposition of the complaint and the reasons for the decision made. N.D.R. Lawyer Discipl. 3.1(D)(8). The Rules also provide opportunities for the lawyer to argue issues of fact or mitigation and to request review of decisions by the district inquiry committee and the hearing panel. N.D.R. Lawyer Discipl. 3.1(D)(8), (E)(3). The Rules also state that the notice of hearing before the hearing panel assigned in formal proceedings must advise the subject lawyer that he or she is entitled to be represented by counsel, to cross-examine witnesses, and to present evidence. N.D.R. Lawyer Discipl. 3.1 (E)(1), (3).

Recently enough that many of the current justices were involved in the decision, the North Dakota Supreme Court elaborated upon its reviews of disciplinary proceedings, explaining that disciplinary counsel are required to prove each violation "by clear and convincing evidence," meaning that "the trier of fact must be reasonably satisfied with the facts the evidence tends to prove and thus be led to a firm belief or conviction." *In re*

9

*Disciplinary Action against Lee*, 835 N.W.2d 836, 839 (N.D. 2013). The North Dakota Supreme Court does not act "as a mere rubber stamp for the Board," and considers aggravating and mitigating circumstances in assessing the appropriate discipline in a case. *Lee*, 835 N.W.2d at 839, 843.

A federal district court should not engage in any presumption that state courts will not safeguard federal constitutional rights. *Norwood v. Dickey*, 409 F.3d 901, 904 (8th Cir. 2005) (internal quotations and citations omitted). In a factually similar case, a disbarred attorney was required to present his arguments in proceedings before his state's highest court even though he alleged that the court was so biased against him due to his public criticism of the state judiciary and his attempt to become a candidate for a state supreme court seat that he would not receive a real opportunity to raise his constitutional claims. *See Peterson v. Sheran*, 635 F.2d 1335 (8th Cir. 1980).

Based on the record before the Court there is not sufficient reason to conclude that Bolinske will not have access to due process in his pending state matters, and this Court will not speculate about the reactions he will receive to his constitutional arguments. Bolinske's claims implicate pending and settled state matters involving important state interests, and there is no cause to predict that his state proceedings will not afford him adequate opportunity to raise relevant federal questions. The requirements for abstention under both the *Younger* and *Rooker-Feldman* doctrines have been met.

### III.  Futility

Federal Rule of Civil Procedure 15(a)(1) provides:

10

> A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

A district court should freely give leave to amend a complaint when justice so requires, but a district court does not abuse its discretion when it denies a motion to amend a complaint because the amendment is futile or will unduly prejudice the nonmoving party. *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008) (internal quotations and citations omitted). "A motion to amend is properly denied as futile when the proposed amended complaint cannot survive a motion to dismiss for failure to state a claim." *Popoalii*, 512 F.3d at 497 (internal quotation omitted). As noted above, to withstand a motion to dismiss, a complaint must allege sufficient facts such that, when accepted as true, a facially plausible claim to relief is stated. *Iqbal*, 556 U.S. at 678; *see also* Fed. R. Civ. P. 12(b)(6). Here, even construing all facts in Bolinske's favor, his claim cannot prevail because of the jurisdictional issues detailed above.

Defendants also contend that Bolinske's motion to amend and his original claim should be dismissed for a host of procedural failings and sundry deficiencies. The pending status of this matter means that this Court cannot properly consider this case at this time, and as such, it will not engage in any analysis that could be construed as an advisory ruling on the substantive issues.

## CONCLUSION

The Court declines the parties' invitation to delve deeply into matters of immunity, governmental bad faith, and related issues. At this stage, it would be improper for this Court to weigh in on substantive legal questions that are properly before the North Dakota Supreme Court in Bolinske's pending matter.

## ORDER

Based on the files, records, and proceedings herein, and for the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiff Robert V. Bolinske's Motion to Amend his Complaint (Doc. No. [24]) is **DENIED WITHOUT PREJUDICE. IT IS FURTHER ORDERED** that Defendants the North Dakota Supreme Court, the State of North Dakota, the Disciplinary Board of the North Dakota Supreme Court, the Office of Disciplinary Counsel, the Inquiry Committee West, North Dakota Supreme Court Former Justice Dale Sandstrom, North Dakota District Judge Gail Hagerty, North Dakota Supreme Court Justice Lisa K. McEvers, and North Dakota Supreme Court Justice Daniel Crothers' Motion to Dismiss (Doc. No. [7]) is **GRANTED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: June 20, 2019          s/Donovan W. Frank
                                               DONOVAN W. FRANK
                                               United States District Judge